KP

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

Lawana M. Hudson

)
)
)
)
)
)
)
)
)
)
)
)
)

Plaintiff(s),

v. Advocate Christ Medical Center

Defendant(s).

1:19-cv-00268
Judge Marvin E. Aspen
Magistrate Judge Mary M. Rowland

**RECEIVED**

JAN 14 2019 KLS

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Lawana M. Hudson of the county of Cook in the state of IL.

3. The defendant is Advocate Christ Medical Center, whose street address is 3075 Highland Parkway, (city) Downers Grove (county) Cook (state) IL (ZIP) 60515

(Defendant's telephone number) (773) – 449-1865

4. The plaintiff sought employment or was employed by the defendant at (street address) Advocate Christ Hospital (city) Oak lawn (county) Cook (state) IL (ZIP code) 60453

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐   was denied employment by the defendant.

    (b) ☐   was hired and is still employed by the defendant.

    (c) ☑   was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) _April_ , (day) _27_ , (year) _2016_ .

7.1   **(Choose paragraph 7.1 or 7.2, do not complete both.)**

    (a)   The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i)   ☐ the United States Equal Employment Opportunity Commission, on or about (month) _April_ (day) _27_ (year) _2016_ . error

        (ii)   ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

    (b)   If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2   The defendant is a federal governmental agency, and

    (a)   the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☑ Yes (month) March (day) 9 (year) 2018

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day) NOV (year) 2018 .

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☑ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☑ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☑ the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month) NOV (day) 1 (year) 2018 a copy of which

*Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
   (a) ☐ failed to hire the plaintiff.
   (b) ☑ terminated the plaintiff's employment.
   (c) ☐ failed to promote the plaintiff.
   (d) ☐ failed to reasonably accommodate the plaintiff's religion.
   (e) ☑ failed to reasonably accommodate the plaintiff's disabilities.
   (f) ☐ failed to stop harassment;
   (g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
   (h) ☑ other (specify): __retaliation & harassment__

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

Exhibits (pichures) Swollen ankles employees

14.    **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury. ☐ Yes ☐ No

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a)     ☐ Direct the defendant to hire the plaintiff.

(b)     ☐ Direct the defendant to re-employ the plaintiff.

(c)     ☐ Direct the defendant to promote the plaintiff.

(d)     ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)     ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f)     ☑ Direct the defendant to (specify): hospital visits pain & suffering

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)   ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)   ☑ Grant such other relief as the Court may find appropriate.

_Lawana M. Hudson_
(Plaintiff's signature)

_Lawana M. Hudson_
(Plaintiff's name)

_12360 S. May_
(Plaintiff's street address)

(City) _Calumet Park_ (State) _Ill_ (ZIP) _60827_

(Plaintiff's telephone number) (_773_) – _449 – 1865_

Date: _Jan 14, 2019_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Lawana M. Hudson
c/o: Arthur R. Ehrlich
LAW OFFICES OF GOLDMAN & EHRLICH, CHTD.
20 South Clark Street, Suite 500
Chicago, IL 60603

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2018-03702 | Michael Solomon, Investigator | (312) 869-8097 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

_Julianne Bowman_ (signature)
Julianne Bowman,
District Director

11/1/18
(Date Mailed)

cc:
Mary Ellen Cherry
Assistant General Counsel
ADVOCATE HEALTH CARE
3075 Highland Parkway, Ste. 600
Downers Grove, IL 60515

January 3, 2019

To whom this may concern,

My name is Lawana Hudson and I'm former employee of Advocate Christ Medical Center. A fourteen year employee. I started my employment as an Emergency Room Technician for 10 years and continue for 4 years as Guest Service in the same department. With MVP"S and a spokesperson in 2013 on gun violence in Chicago for Advocate Christ Medical Center on NBC Nightly News (gun violence).My employment was a dedication in my life daily. With exceptionally excellent evaluations in the past.

 This letter is a summary of the harassment, retaliation and failing to accommodate due to my disability after a Hysterectomy surgery April 27, 2016. In April 27, 2016 I had surgery a full (hysterectomy) surgery. I returned back to work from short term disability after 9 weeks out and back to work on June 23, 2016 with complications. My ob gyne Dr. Savin instructed me back to work with restrictions for 1 week and the restrictions were 3 days for 8 hours daily,which there restrictions were no pushing, pulling and minimum  standing for the 8 hours. At the time there was 1 Guest Service employee staffed so it was impossible due to the hostile work environment, and short staffed. In  2017 There was a transformation (construction) performed in the waiting area where I spent the majority of my work shift at. So when I returned to work the rules had changed. I was told by other Guest Service employees and volunteers and management Director Nancy Burke and Manager Cheryl Hickey that there was no sitting in that area anymore, so all the chairs were removed. We had to stand at a podium with no chairs, and no standing matts.

August 2016 I filled a complaint with EEOC due to failing to accommodate, harassment and retaliation. I began to get harassed by my manager Cheryl Hickey and director Nancy Burke.After I filled the complaint with the EEOC due to the director Nancy Burke and Manager Cheryl Hickey began harassing and retaliating against me. The 2 Guest Service employees Stephanie Reed and Jade Peters were called in the office after I returned to work, separately and per conversation they were told to watch Lawana Hudson, make sure she doesn't take several breaks and that there were going to terminate me soon, and that they have It all under control, and don't say anything to her,and keep you distance.

During my restriction June 2016, I started having throbbing pain and swelling in both ankles. I proceed to tell the charge nurse Jamie Reynolds RN.  So she could be aware.Standing at the podium with no pressure matts had become very difficult for me to stand long hours even on 8 hour restrictions. (Leg swelling) (Exhibits) I was in tremendous of pain standing.

Later that week  I was called in the office by the director Nancy Burke and manager Cheryl Hickey I proceeded to explain my situation and her response was if I couldn't stand at the podium to do my job, I needed to go back on disability or find another job, per Director Nancy

Burke and Manager Cheryl Hickey. Immediately after I made an appointment with my primary doctor immediately.  My pain had increased due to standing, pushing and pulling.

July of 2016 Dr. Bell my primary placed me back on short term disability 3 months later.. At that time she started monitoring me more closely, and ordering stat blood test, it was unusual for my legs to swell and be in so much pain while standing long periods of time. Before the surgery.MRI and x-rays and bi-weekly labs were drawn to access my medical condition.

7 months later around February of 2017 with the same swelling and pain in bilateral ankles (exhibit) decreased urination my condition had worsened. My doctor and I Lawana Hudson, decided for me to go back to work. At that point I was off work receiving disability for 7 months. My decision was made up very quick I have never been in such pain and swelling of my ankles. I was scared and didn't want to lose my job.

I returned back to work after 7 months out on a program that Advocate Christ Hospital offers called transition. It is a program to transition you back into your job position for 4 weeks. My transition required me to work 3 days a week 8 hours and still continue to get receive my  (76) hours of pay. During the transition period Manager Cheryl Hickey prepared my schedule, not adhering to my transition period. Transition restrictions also was no pushing or pulling over 30 pounds, and every 2 hours taking small sit-down breaks in the employee break room. These restrictions were never performed when I was alone on that shift. During the transition period I was called in the office by Nancy Burke stating that visitors of the hospital was complaining about my services Nancy also threatened me if I continued, I could lose my job. Per conversation Director Nancy Burke and Manger Cheryl Hickey stated that I had a behavioral problem and that I didn't deserve a raise. My job consist of a various amount of duties keep everyone safe, transport to and from test in wheelchair, keep the patients comfortable and the RN on duty (triage) informed on any onsets of the waiting patients while waiting in the Emergency waiting room to see an psychian.

I later completed the transition work program my Dr. released me March 2017 I began to work my 12 hours shifts 3 times a week in pain daily. Within 2 weeks, into working my regular shifts, I was called in the office by Manager Cheryl Hickey again, I entered the office at an unknown idea why I was continued to be  called to come to the office. As I entered I had no idea why I was called to the office. At that point I was thinking I was going to get fired due to the ongoing retaliation and harassment and intimidation. Nancy Burke also was present (director of the dept.). Cheryl and Nancy began to speak to me stating that I did not meet the standards for my evaluation so I will not be receiving an annually raise and I didnt deserve a raise. The conversation continued with Cheryl Hickey stating that something was wrong with my tie with a judgmental comment stating my tie was dirty. She stated look at your tie what's wrong with it? While the other 2 guest service employees does not wear one at all.

As the conversation continued I was told that I was on a level 3 the last write up before termination and that I had a behavior problem. The conference ended and I went back to my work environment very discombobulated worried and scared.

Working at my workplace became to be very difficult for me with Director Nancy Burke and Manager Cheryl Hickey continuing to retaliating, and harassment and intimidation towards me

daily. As of today, as I write this letter I'm scared that I will lose my job that I've worked on for 14 years(August 2017)

January 2018 @9:29 am I receive a phone call from Manager Cheryl Hickey stating that Human Resources made a decision to terminate me.

Lawana Hudson Timeline
- Jan-April present 2016
- April 27, 2016 medical Surgery
- June 23, 2016 –returned to work from medical surgery
- June 24, 2016- One week restriction Per.Ob.Dr.
- 6hr x 3 days for 1 week
- Exhibits of ankle swelling 2016-2017
- July 22, 2016 "Go back on disability or find another job" Director Nancy Burke"

Feb 2017-return to work on transition-8 hour x 3 days a week with no pushing, pulling or standing long periods
- March 2017-Returned to work on normal 12hr. shifts; called in office
- Continuously called in office several times harassing and retaliationing(June 20,2017)
- July 22, 2017 @9:30 am Called my home yelling and screaming at me.After I called her assist Collen to handle my PtO time.Director Nancy Burke was yelling telling me not to call her assistant about my PTO time. Collen was the appointed person that handles the Paid Time Off at the time

- August 2,2017 called in office
- August 5,2017 Manager Cheryl Hickey ( RN) Jamie Reynolds
- January 2018 Terminated

Thank You
Sincerely
Lawana Hudson